IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LAVERNE D. HARKINS | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 6:05cv136 |
| | | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge John D. Love. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition.

Plaintiff filed objections reiterating her contentions that (1) the ALJ failed to apply correctly Social Security Ruling 83-20 and *Spellman v. Shalala*, 1 F.3d 357 (5th Cir. 1993) to determine Plaintiff's onset date of disability due to the slowly progressive impairments of spinal stenosis and disc disruption and (2) the ALJ's residual functional capacity finding for the period before March 31, 1999, is unsupported by any medical source's opinion addressing the effects of Plaintiff's impairments on her ability to work. Plaintiff's objections specifically assert the following:

(1)  The Magistrate used flawed reasoning in rationalizing that the medical expert and state agency medical consultants' opined that Plaintiff can perform light work, and this rationalizing constituted the Magistrate Judge's theory that the ALJ had an evidentiary basis for finding that Plaintiff can perform two hours of standing/walking.

(2)  "[T]he Magistrate Judge misconstrued the nature of" Plaintiff's central argument: "that the ALJ did not adhere to the requirements of SSR 83-20 and *Spellman* to infer the appropriate date upon which Ms. Harkins' acknowledged disability began."

(3)  The Magistrate Judge did not discuss or make a finding as to whether the ALJ erred by failing to infer the date Plaintiff first became unable

        to sit for up to six hours and required recumbent rest at intervals during the workday.

(4) The Magistrate Judge ignored the ALJ's failure to seek an informed judgment from the medical expert about how long Plaintiff's prolapsed disc could be inferred to have existed, and that instead, the Magistrate Judge rationalized "that the ALJ did ask the ME to assess Ms. Harkins' remaining physical capabilities during her insured period."

(5) The Magistrate Judge used flawed reasoning in treating the ALJ's failure to infer the onset date of her disabling prolapsed disc at L4-5 as harmless error.

(6) The Magistrate Judge "seized on footnote 4 in Plaintiff's Brief discussing the ALJ's evidentiary rulings on Interrogatories answered by the ME," and the Magistrate Judge misunderstood Plaintiff's "attempt to explain the evidentiary ruling as an argument that the ME's answers to Interrogatores did not constitute substantial evidence because they were not based on a review of all the evidence."

### **Rationalizing that the ALJ had an Evidentiary Basis for the RFC Finding**

Plaintiff argues that because medical sources found that Plaintiff can perform light work, the ALJ's finding that she can perform sedentary work is erroneous. The sedentary exertional level is the lightest exertional level of work. *Cf.* 20 C.F.R. § 404.1567(d); SSR 83-10 at 2. If someone can do light work, then SSA determines that he or she can also do sedentary work, unless there are additional limiting factors. 20 C.F.R. § 404.1567(b).

Contrary to Plaintiff's argument, a finding that Plaintiff can perform the exertional requirements of light work does support a finding that she also can do sedentary work. Plaintiff's objections label this an illogical theory of the Magistrate Judge. The legal standards, however, make clear that ability to perform the exertional requirements of light work supports a finding of the

ability to perform sedentary work. 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time").

The ALJ determined that Ms. Harkins was capable of returning to her past work as an answering service operator at all times before March 31, 1999, her date last insured, and therefore was not disabled. *Tr.* at 360. A claimant has a disability only if her impairment(s) is so severe that it prevents the successful performance of not only her past work, but also, considering age, education, and work experience, any other work existing in the national economy. *Loza v. Apfel, Comm'r of Soc. Sec.*, 219 F.3d 378, 390 (5th Cir. 2000); 42 U.S.C. § 423(d)(2)(A); *cf.* 20 C.F.R. § 404.1520(c).

A claimant bears the burden of showing at step four that her impairment prevents her from performing her past work. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Boyd v. Apfel, Comm'r of Soc. Sec.*, 239 F.3d 698 (5th Cir. 2001); 20 C.F.R. § 404.1520(f); Acquiescence Ruling 00-4(2); *see also Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Plaintiff had the burden at step four to show that additional limiting factors (such as "loss of fine dexterity or inability to sit for long periods of time" 20 C.F.R. § 404.1567(b)) preclude her performance of her past relevant work, and she failed to carry that burden. Instead, she merely argues that the Magistrate Judge's reliance on these legal standards constitutes an illogical theory. As shown above, however, (1) medical sources found that Plaintiff can perform light work, (2) if someone can do light work, then SSA determines that he or she can also do sedentary work, unless there are additional limiting factors (20 C.F.R. § 404.1567(b)), (3) the ALJ found that she can perform sedentary work, and (4) Plaintiff has not

shown that additional limiting factors preclude her performance of her past relevant work. Consequently, the Magistrate Judge did not err.

### Plaintiff's Central Argument

The Report and Recommendation states that Plaintiff's brief raises two issues, as follows:

> Plaintiff raises the following issues: (1) whether the ALJ failed to apply correctly Social Security Ruling 83-20 and *Spellman v. Shalala*, 1 F.3d 357 (5th Cir. 1993) to determine Plaintiff's onset date of disability due to the slowly progressive impairments of spinal stenosis and disc disruption; and (2) whether the ALJ's residual functional capacity finding for the period before March 31, 1999, is unsupported by any medical source's opinion addressing the effects of Plaintiff's impairments on her ability to work

*Report* at 16. Clearly, the Magistrate Judge did not misconstrue the nature of Plaintiff's central argument, "that the ALJ did not adhere to the requirements of SSR 83-20 and *Spellman* to infer the appropriate date upon which Ms. Harkins' acknowledged disability began." *Plaintiff's Objections* at 16. The Magistrate Judge not only identified the central argument, but also addressed it by finding the following:

1. The ALJ found that the medical evidence was unclear as to when the claimant's impairment first restricted her functional capacity;

2. The ALJ therefore called on the services of a medical advisor to determine the onset date; and

3. The medical expert opined that prior to Plaintiff's date last insured, March 31, 1999, (a) Plaintiff's impairments did not meet or equal a listing and (b) she had the capacity to perform a range of light work.

*Report* at 17-18.

### Discussion or Finding as to Whether the ALJ Erred by Failing to Infer the Onset Date

To support her contention that the ALJ's residual functional capacity finding for the period

before March 31, 1999, is unsupported by any medical source's opinion addressing the effects of Plaintiff's impairments on her ability to work, Plaintiff states that the record contains no medical source opinion stating a specific date on which "Plaintiff's L4-5 disc prolapse and other impairments rendered her unable to sit for up to six hours in an eight-hour workday and required recumbent rest at intervals." *Report* at 19. To be capable of performing sedentary work, a claimant must be able to sit for approximately six hours out of an eight-hour work day (*Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *cf.* 20 C.F.R. § 404.1567(a)), with a morning break, a lunch period, and an afternoon break at approximately two-hour intervals (SSR 96-9p at 6). The Report states the following:

> For an ALJ's RFC finding to be supported, there must be a medical source's opinion which addresses the effects of impairments on ability to work and which is supported by specific evidentiary facts and an explanation providing a basis or justification for the opinion. *Bodin v. Barnhart*, 2004 WL 3237480 at 4 (E.D. Tex. Aug. 11, 2004).
>
> State agency medical consultants Cleland and Higgins both opined that Ms. Harkins retained the physical capabilities to lift 20 pounds occasionally and to stand/walk for six hours during an eight-hour workday. *Tr.* at 155-62. The ALJ found Plaintiff's RFC to be even further limited than the state agency medical consultants did. The state agency medical consultants and the medical expert both indicated that Plaintiff retained the capacity to perform a range of light work. *Tr.* at 155-62 and 454-63. The findings of the state agency medical consultants and the medical expert's opinion are consistent with and support the ALJ's determination that Plaintiff retained the residual functional capacity to perform sedentary work with environmental limitations. *Tr.* at 360. Plaintiff does not point out any record medical source that found Plaintiff's residual functional capacity to be further limited before March 31, 1999. Consequently, Plaintiff's contention lacks merit.

*Report* at 19-20. Plaintiff now objects, saying that the Magistrate Judge did not discuss or make a finding as to whether the ALJ erred by failing to infer the date Plaintiff first became unable to sit for up to six hours and required recumbent rest at intervals during the workday. The Report clearly indicates that the ALJ found that prior to March 31, 1999, Plaintiff could sit for approximately six

hours out of an eight-hour work day, and the Report clearly notes that Plaintiff pointed out no evidence to controvert that finding. The Report then concludes that Plaintiff's contention regarding the onset of Plaintiff's inability to sit for up to six hours in an eight-hour workday lacks merit. Accordingly, the Magistrate Judge found that the ALJ did not err by determining that the date Plaintiff first became unable to sit for up to six hours was after her insured status expired.

### **Rationalizing that the ALJ Asked the Medical Expert to Assess Ms. Harkins' RFC**

Plaintiff objects to what she considers to be the Magistrate Judge's rationalizing and developing theories about what the record evidence does and does not show. In reviewing a denial of Social Security disability benefits, a federal court carefully considers the following:

1. standards of both judicial review and entitlement to Social Security benefits (*Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000));

2. the transcript and record (*Jimmerson v. Apfel, Comm'r of Soc. Sec.*, 111 F. Supp. 2d 846, 846 and 849 (E.D. Tex. 2000); *cf. Jackson v. Apfel, Comm'r of Soc. Sec.*, 234 F.3d 246 (5th Cir. 2000) (considering the record)); and

3. the parties' briefs (*Jackson*, 234 F.3d 246).

In federal judicial review of the denial of Social Security disability benefits, a strong presumption exists in favor of the defendant. *Jimmerson*, 111 F. Supp. 2d at 849. A federal court reviews the Commissioner's determination that a claimant was not disabled only to determine whether the Secretary applied the proper legal standard and whether the determination is supported by substantial evidence (*Masterson*, 309 F.3d at 272; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120 (1995); 42 U.S.C. § 405(g).

The Magistrate Judge applied standards of both judicial review and entitlement to Social Security benefits and considered the transcript, record, and parties' briefs to determine whether SSA

6

applied the proper legal standards and whether the determination is supported by substantial evidence. The Magistrate Judge's findings and conclusions are based on the proper legal standards applied to the transcript, record, and parties' briefs. Plaintiff's assertion that the Magistrate rationalized the ALJ's findings to create a theory on which to affirm SSA's decision is completely without basis or merit.

Further, Plaintiff insists that the Magistrate Judge's scrutinizing the record to determine whether substantial evidence supports SSA's opinion constitutes illogical rationalization and creation of a theory which is improper because she asserts that the Magistrate Judge can look only at the ALJ's decision to determine whether his findings are correct. In reviewing a denial of Social Security disability benefits, a federal district court scrutinizes the entire record to determine whether substantial evidence exists (*Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *Jimmerson*, 111 F. Supp. 2d at 846 and 847 n. 2; *cf. Loza*, 219 F.3d at 393) to support each essential administrative finding (*Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980); *cf. Loza*, 219 F.3d at 393).

Plaintiff contends that the ALJ erred in failing to correctly determine the onset date, and she asserts that "[t]he Magistrate Judge ignored the ALJ's failure to seek an informed judgment from the medical expert about how long Plaintiff's prolapsed disc could be inferred to have existed, and that instead, the Magistrate Judge rationalized that the ALJ did ask the ME to assess Ms. Harkins' remaining physical capabilities during her insured period." As noted in the Report, at the hearing the ALJ should call on the services of a medical advisor (also known as "medical expert") when onset must be inferred. SSR 83-20. A claimant's disability onset date must be inferred if the

claimant suffers from a slowly progressive impairment(s) and the medical evidence regarding the onset date of a disability is ambiguous. *Spellman*, 1 F.3d. at 361.

At the ALJ's request, a non-examining medical expert reviewed some of Plaintiff's medical records and completed a Medical Source Statement assessment form. The medical expert opined that prior to Plaintiff's date last insured, March 31, 1999, Plaintiff's impairments did not meet or equal a listing and she had the capacity to perform a range of light work. *Tr.* at 456-58 and 460-63. With respect to Plaintiff's physical functional limitations for the period prior to March 31, 1999, the medical expert completed a medical source statement that indicated that Plaintiff was restricted to a range of light work. *Tr.* at 458 and 460-63. The medical expert specified that prior to March 31, 1999, Plaintiff could lift/carry twenty pounds (*Tr.* at 458 and 460) but had some postural and manipulative limitations (*Tr.* 461 and 463).

Plaintiff insists that the ALJ's decision was erroneous because he did not elicit from the medical expert an exact date on which Plaintiff's disc prolapsed. The record contains no evidence of the exact date on which Plaintiff's disc prolapsed. Plaintiff has not pointed out any evidence to show the exact date. Plaintiff bases her central argument on an absence of evidence establishing the exact date on which the disc prolapsed. The record does, however, contain evidence of Plaintiff's residual functional capacity during the time period in which she was insured for disability benefits. This evidence shows that Ms. Harkins retained the residual functional capacity to perform sedentary work, reduced by the inability to work in high concentrations of dust, fumes, or other pulmonary irritants (*Tr.* at 354-60); therefore, she was not disabled. Therefore, the Magistrate Judge did not err.

## Treating as Harmless Error the ALJ's Failure to Infer the Onset Date

A claimant is not entitled to procedural perfection in administrative proceedings; remand is appropriate only if a claimant demonstrates that he was prejudiced by a specific failure. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). The ALJ found Plaintiff's residual functional capacity prior to March 31, 1999, to be more restrictive than the medical expert assessed. Plaintiff does not point out any record medical evidence that may have caused the medical expert to find an onset date prior to March 31, 1999, or to further limit Plaintiff's residual functional capacity.

Plaintiff had the burden to establish that she could not perform her past relevant work, and she had the burden to point out record evidence to support her challenge of SSA's decision. Plaintiff was unable to carry either burden. Instead, she simply relies on her contention that the ALJ incorrectly established the onset date. Plaintiff has not offered any evidence to show that the finding of the onset date was erroneous. Instead, she points to what she characterizes as a lack of evidence. In her objections, she fails to recognize this most basic fact: A claimant does not have a disability if she can perform her past relevant work. *Loza*, 219 F.3d at 390; *Greenspan*, 38 F.3d at 236; 42 U.S.C. § 423(d)(2)(A). Plaintiff had the burden to show that she could not perform her past relevant work, and she failed to carry that burden. She does not argue that she carried that burden. She merely argues that the record lacks evidence of the date that her disc prolapsed. Thus, the Magistrate Judge did not err.

## Seizing on Footnote 4 in Plaintiff's Brief Discussing the Medical Expert's Interrogatories

Footnote 4 of Plaintiff's Brief states the following:

> The claimant's representative tried at the February 2004 teleconference hearing to cross-examine the ME about which medical exhibits from Ms. Harkins' claim file

9

he had received and reviewed. Tr. 576-577. The representative explained that he previously had requested from the ALJ's office a list of the exhibits submitted to the ME and, instead, received copies of some, but not all, of the medical exhibits in the claim file. Tr. 577. The representative even suggested that, after the hearing, the ME could submit a written checklist of the exhibits he received and reviewed. *Id*. However, the ME never confirmed, either verbally or in writing, which medical reports he reviewed before expressing his opinions on the Medical Source Statement assessment form he completed in November 2003. See, Tr. 577-579; 582-584; 515-529. Rather, after the February 2004 hearing, the ALJ sent the ME another set of Interrogatories and a new Medical Source Statement form purportedly accompanied by all the medical exhibits. Tr. 582-583; 515. Ultimately, however, the ALJ sustained counsel's objection to the admission of the new documents completed by the ME on May 17, 2004. Tr. 516-524; 527-528; 529. Consequently, only the ME's November 2003 Medical Source Statement – based own [sic] unknown medical exhibits – is a part of the evidentiary record.

The Report concludes that "Plaintiff's contentions that the medical expert's assessment of Plaintiff's onset date was insufficient because the assessment may not have been based on all the medical record evidence lacks merit." *Report* at 19.

A federal court specifically reviews the administrative determination that a claimant was not disabled to determine whether the record includes sufficient evidence. *See Masterson*, 309 F.3d at 272; *Greenspan*, 38 F.3d at 236; 42 U.S.C. § 405(g). Plaintiff clarifies in her objections that she did not intend to assert this argument. Plaintiff is in no way harmed by the Magistrate Judge's evaluating the sufficiency of the medical expert's testimony.

This Court has made a *de novo* review of Plaintiff's objections and determined that the objections lack merit. This Court finds that the Magistrate Judge's findings and conclusions are

correct and adopts them as the Court's findings and conclusions. The Court therefore

    **ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED**; and

**ORDERS** that all motions not previously ruled on are denied.

 **So ORDERED and SIGNED this 9th day of June, 2008.**

                                  **LEONARD DAVIS**
                                  **UNITED STATES DISTRICT JUDGE**